## Weekly Abstract of PENDING CASES

### No. 387

KINSMAN NATL. BANK v. JERKO

No. 19034. Supreme Court

Motion to direct Trumbull Appeals to certify. Dock. March 23, 1925. 3 Abs. 198.

677. JUDGMENT—Can a judgment debtor ratify confession of, against himself?

On June 27, 1921, the Kinsman National Bank took a judgment by confession against Defendants on a note containing a form of warrant of attorney commonly used in the State of Pennsylvania. Defendant knowing the attempts to collect the note, and after execution had issued, promised settlement of same. Execution being returned unsatisfied and no settlement having been made, Defendant was twice ordered to appear before a

ROBINSON, J.

Section 6346-1, General Code, does not make it unlawful for a person, firm, partnership, association or corporation, to engage or continue in the business of purchasing, outright,

referee in Aid-of-Execution proceedings. He appeared with his attorney and twice requested continuance of the proceedings on his promise to settle within a short time. Settlement not being made, execution was issued and levied in June, 1922, at which time Defendant secured an injunction against the enforcement of said judgment, which was finally dissolved Dec. 23, 1924. On motion Jan. 19, 1925 the Trumbull Common Pleas set aside the judgment on the ground, as claimed, that the judgment was void because taken on a Pennsylvania form of Warranty of Attorney.

Plaintiff contends that Defendant has ratified the judgment and is estopped by his promises, which had secured him continuances of the hearings, to now contest the same, and that defendant has secured time to change his financial condition and has caused the Bank to lose its rights to sue the endorsers on the note. The case presents three questions:

1. May a Court of Common Pleas on motion, set aside a judgment three and one-half years after same has been granted, during all of which time defendant has had full knowledge of same and has appeared and secured continuances of hearings before a referee appointed undr authority of same?

2. May not the judgment debtor ratisfy the confession of judgment against himself when same is made by an attorney who supposed he had full authority?

3. If an attorney courteously continues hearings at defendant's request, thus giving Defendant advantage of time to change his financial condition, can defendant later deny a recognition of the judgment under which the hearings were held?

Attorneys—G. H. Birrell, for Bank; Fillius & Filius, for Jerko; all of Warren.